J-A27012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| KIRBY JOHN MARTIN | : | |
| | : | |
| Appellant | : | No. 794 MDA 2022 |

Appeal from the PCRA Order Entered April 25, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000485-2013

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                **FILED: NOVEMBER 29, 2022**

Appellant, Kirby John Martin, appeals from the order entered in the Court of Common Pleas of Adams County dismissing as untimely his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46. Counsel for Appellant has filed a **Turner**/**Finley**[1] no-merit brief and a petition to withdraw as counsel.[2] After review, we grant counsel's request to withdraw and affirm the order dismissing Appellant's petition.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

[2] Appellant's counsel purports to withdraw under **Anders v. California**, 386 U.S. 738 (1967), which applies when counsel seeks to withdraw from representation on direct appeal. When counsel seeks to withdraw from representation on collateral appeal, as is the case here, the dictates of **Turner** and **Finley** are applicable. **Commonwealth v. Wrecks**, 931 A.2d 717, 721
*(Footnote Continued Next Page)*

We derive the following factual and procedural history from the trial court opinion and certified record. On January 21, 2014, Appellant pleaded guilty to Receiving Stolen Property. The court sentenced him to a term of 2 years of probation, to be served consecutively to a 1-to-3-year term of incarceration he was already serving.

On January 27, 2016, a jury convicted Appellant of additional, unrelated crimes, and the court sentenced Appellant to a 10-to-20-year term of incarceration. As a result, on April 28, 2016, the court revoked Appellant's January 21, 2014 probationary sentence and re-sentenced him to a term of 2½ to 5 years' incarceration, to be served consecutively to the 10-to-20-year sentence.[3] Appellant did not appeal and the sentence, thus, became final on May 30, 2016.[4]

Appellant subsequently filed two unsuccessful PCRA Petitions. On January 27, 2022, Appellant *pro se* filed the instant PCRA Petition, his third.

_____

(Pa. Super. 2007) (counsel petitioning to withdraw from PCRA representation must proceed not under **Anders**, but under **Turner** and **Finley**). Because an **Anders** brief provides greater protection to a defendant, however, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** "no merit" letter. **Commonwealth v. Reed**, 107 A.3d 137, 139 n.5 (Pa. Super. 2014). We will refer to counsel's erroneously titled **Anders** brief as a **Turner**/**Finley** brief.

[3] **See Commonwealth v. Martin**, Nos. 1609, 1773-75 MDA 2018, 2019 WL 3237936 (Pa. Super. filed July 18, 2019).

[4] A judgment of sentence becomes final at the conclusion of direct review, including discretionary review, or at the expiration of time for seeking the review. 42 Pa.C.S. § 9545(b)(3). **See also** Pa.R.A.P. 903(a) (providing 30 days to file a direct appeal).

Appellant argued that the April 28, 2016 sentence, imposed after the court anticipatorily revoked his probation, is illegal. Appellant did not address the timeliness of his petition. The court appointed counsel for Appellant.

After holding a "pre-hearing conference" on March 24, 2022, the PCRA court issued notice of its intent to dismiss Appellant's petition.[5] The court found that Appellant untimely filed his petition and failed to plead and prove an exception to the PCRA's one-year time-bar. On April 22, 2022, the PCRA court dismissed Appellant's petition as untimely.

Appellant filed a timely Notice of Appeal and a Rule 1925(b) Statement. The PCRA court issued a responsive Rule 1925(a) Opinion.

In this Court, Appellant's counsel filed a **Turner**/**Finley** brief raising the following issue:

> Whether the [PCRA] court made an error of law when it denied [Appellant's PCRA] Petition [as untimely] without an evidentiary hearing.

**Turner**/**Finley** Br. at 4.

## A.

Before we consider Appellant's issue, we must review counsel's request to withdraw. Pursuant to **Turner**/**Finley**, independent review of the record by competent counsel is necessary before the Court shall permit withdrawal on collateral appeal. **Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa. 2009), *abrogated on other grounds by* **Commonwealth v. Bradley**, 261 A.3d

---

[5] PCRA Ct. Op., 6/29/22, at 3. At this hearing, the court heard from Appellant, his counsel, and the Commonwealth.

381 (Pa. 2021). Counsel is then required to submit a "no merit" brief (1) detailing the nature and extent of her review; (2) listing each issue the petitioner wishes to have raised on review; and (3) explaining why the petitioner's issues are meritless. *Id.* The Court then conducts its own independent review of the record to determine if the petition is meritless. *Id.* Counsel must also send to the petitioner: "(1) a copy of the 'no merit' letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel." ***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa. Super. 2007).

Our review of the record discloses that Appellant's counsel has complied with each of the above requirements. Counsel has presented a comprehensive review of the issue Appellant seeks to raise on appeal and addressed the PCRA court's analysis where appropriate. ***Turner/Finley*** Br. at 3, 5-14. Based on this analysis, counsel concludes that Appellant's claims are time-barred. *Id.* at 14.

In addition, counsel sent Appellant copies of the ***Turner/Finley*** Brief and her petition to withdraw and advised Appellant of his rights in lieu of representation. ***See id.*** at 10; Application to Withdraw as Counsel, 8/22/22, at Exh. A. Because counsel has complied with the ***Turner/Finley*** requirements, we will proceed with our analysis of Appellant's claim and independent review of the record.[6]

---

[6] Appellant has not responded to the ***Turner/Finley*** letter filed in this Court.

**B.**

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error. ***Commonwealth v. Jarosz***, 152 A.3d 344, 350 (Pa. Super. 2016). "This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." ***Commonwealth v. Anderson***, 995 A.2d 1184, 1189 (Pa. Super. 2010).

We begin with the PCRA court's finding that Appellant untimely filed his PCRA Petition and failed to plead and prove an exception to the PCRA's time-bar. PCRA Ct. Op., 6/29/22, at 1-2. ***See also*** PCRA Ct. Op., 3/29/22, at 3-7. As a result, the court found itself without jurisdiction to address the merits of Appellant's petition. PCRA Ct. Op., 3/29/22, at 3-7. We agree.

The timeliness of a petition for collateral relief is jurisdictional. ***See Commonwealth v. Bennett***, 930 A.2d 1264, 1267 (Pa. 2007). Any petition for relief, including a second or subsequent petition, must be filed within one year of the date on which the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). Here, Appellant's sentence became final on May 30, 2016, and he, thus, had until May 30, 2017, to file a timely PCRA Petition. Accordingly, this petition is patently untimely.

Where a petitioner files an untimely PCRA Petition, the petitioner must overcome the jurisdictional time-bar by pleading and proving one of the exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) to obtain review. "[I]t is the petitioner's burden to plead in the petition and prove that one of the

exceptions applies." ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Here, Appellant did not plead and prove any of the three exceptions to the PCRA time-bar. Instead, Appellant relied solely on his assertion that his sentence, imposed after the court anticipatorily revoked his probation, is illegal. ***See*** PCRA Petition, 1/27/22, at 4-8.[7]

Although challenges to the legality of sentence are cognizable under the PCRA, this Court has recognized that "a legality of sentence claim may nevertheless be lost should it be raised [] in an untimely PCRA [P]etition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (citing ***Commonwealth v. Seskey***, 86 A.3d 237, 241 (Pa. Super. 2014)). Thus, a petitioner challenging the legality of a sentence in an untimely PCRA Petition must still plead and prove the applicability of one of the PCRA's timeliness exceptions to obtain review.

Here, because Appellant untimely filed this third PCRA Petition and failed to plead and prove an exception to the PCRA's time-bar, the PCRA court properly determined that it lacked jurisdiction over Appellant's claim. The fact

---

[7] ***See also Turner/Finley*** Br. at 11-17 (explaining that Appellant relies on his legality argument to endow the court with jurisdiction and opining that no timeliness exceptions apply to Appellant's PCRA Petition).

that Appellant raised the legality of his underlying sentence does not spare his untimely petition from application of the PCRA time-bar.[8]

## C.

In conclusion, the PCRA court properly determined that it lacked jurisdiction to address Appellant's untimely PCRA Petition, as Appellant failed to plead and prove an exception to the PCRA time-bar. We, thus, affirm the order dismissing the PCRA Petition.[9]

Petition to withdraw as counsel granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/29/2022

---

[8] We further note that, contrary to Appellant's assertion, the court's inherent power to correct patent and obvious errors pursuant to 42 Pa.C.S. § 5505 does not alter the timeliness requirements of the PCRA. As this Court has recognized, "[t]he PCRA . . . inescapably rejects the exercise of inherent power as an alternative means of remedying claims cognizable under the PCRA." **Commonwealth v. Whiteman**, 204 A.3d 448, 451 (Pa. Super. 2019).

[9] Although this Court conducts its own review of the record when faced with a **Turner**/**Finley** brief, Appellant's failure to invoke the PCRA court's jurisdiction likewise divests this Court of jurisdiction to address any potential issues. **Bennett**, 930 A.2d at 1267.